Case 05-35447  Filed 05/05/06  Doc 27



FILED

MAY - 5 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 05-35447-C-7 |
| ROY C. SHOEMAKER and<br>GLORIA J. SHOEMAKER, | MC No. TJS-1 |
| Debtors. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

<u>Jurisdiction</u>

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

## Findings of Fact

Debtors filed their voluntary chapter 7 petition on October 11, 2005. They scheduled a 2002 Dodge Ram 150 ("vehicle") as property of the estate. The first meeting of creditors was held on December 5, 2005. The chapter 7 trustee filed a report finding that there is property available for distribution from the estate over and above that exempted by the debtors. The court observes that debtors were discharged from all dischargeable debts on February 8, 2006.

On March 31, 2006, Capital One Auto Finance, ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to repossess the vehicle. The Kelley Blue Book value of the vehicle is approximately $14,610. Movant holds a lien on the vehicle in the approximate amount of $23,297.14. There is no evidence of any other liens against the vehicle.

No opposition to the motion was filed. Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtors _in personam_ and of acts against property other than property of the estate continues until the earliest of the time when the bankruptcy case is closed, dismissed, or an individual in a chapter 7 case is granted a discharge. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtors fail to protect the secured party's interest adequately, § 362(d)(1), and with

respect to a stay of an act against property, debtors do not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

Although the debtors do not appear to have any equity in the vehicle, since the debtors were granted a discharge, the motion for relief from the automatic stay is moot as to the debtors. Thus, the motion will be denied.

However, the motion will be granted as to the trustee.

An appropriate order will issue.

Dated: May 5, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Roy & Gloria Shoemaker
12158 Kimberly Rd.
Marysville, CA 95901

Kristen Arah Koo
2817 I Street, Suite 3
Sacramento, CA 95816

Thomas Aceituno
P.O. Box 189
Folsom, CA 95763

Timothy J. Silverman
Soloman, Grindle, Silverman & Spinella
12651 High Bluff Drive, Suite 300
San Diego, CA 92130

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 5-8-06

_____
Deputy Clerk